```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
IN RE: MADHU VERMA                 :
_____
                                   :
MADHU VERMA
      Appellant                    :

              v.                   :   Civil Action No. DKC 22-779

REBECCA A. HERR                    :
      Appellee
```

**MEMORANDUM OPINION**

Presently before this court is an appeal by Appellant Madhu Verma of the Bankruptcy Court's March 18, 2022, order dismissing her bankruptcy case, imposing a two-year bar to refiling, and imposing sanctions in the amount of $3,000.[1]  (ECF No. 8-2).  A more detailed factual background to this case is laid out in an opinion for a related appeal.  *See* Civil Action No. DKC 22-0452, ECF No. 8.

In sum, Appellant's property (the "Property") was foreclosed upon and sold to Deutsche Bank National Trust Company ("Deutsche Bank") between 2010 and 2013.  Appellant filed a petition for Chapter 13 bankruptcy relief on March 4, 2018.  After obtaining relief from the automatic stay as to the Property that was issued

---

[1] Appellant attached to her Notice of Appeal the Bankruptcy Court's March 29, 2022, order denying her motion to amend the March 18, 2022, order, but the Notice of Appeal itself states that the "order . . . appealed from" is the "Dismissal of Bankruptcy." (ECF No. 1 at 2, 1-1).  Given the arguments Appellant makes in her brief, this court construes the appeal as one of the Bankruptcy Court's March 18, 2022, order.

based on Appellant's bankruptcy filing, Deutsche Bank sold the Property to Jacques Francis and Nadia Allen (the "Owners"). The Owners filed a wrongful detainer action in Maryland state court on June 14, 2021, where they obtained a judgment against Appellant on November 17, 2021. Appellant removed the action to the United States Bankruptcy Court for the District of Maryland on January 7, 2022. The Bankruptcy Court dismissed the adversary proceeding on February 18, 2022, finding the removal to have been improper, and remanded to the state court.

The Bankruptcy Court entered an Order to Show Cause in Appellant's bankruptcy case with respect to Appellant's improper removal of the wrongful detainer action. (ECF No. 1-2 at 4). The Owners also filed a motion for sanctions against Appellant. (*Id.*). The Bankruptcy Court held a hearing on March 10, 2022, and it issued an order on March 18, 2022, dismissing Appellant's bankruptcy case and imposing a two-year bar to refiling and sanctions in the amount of $3,000 in attorney's fees. (ECF No. 8-2). Appellant has appealed that order.

This court has jurisdiction to review final decisions of the Bankruptcy Court under 28 U.S.C. § 158(a), reviewing the Bankruptcy Court's conclusions of law de novo and findings of fact for clear error. *In re Merry-Go-Round Enters., Inc.*, 400 F.3d 219, 224 (4th Cir. 2005). A Bankruptcy court "may convert a case under [chapter 13] to a case under chapter 7 of [title 11], or may dismiss a case

under [chapter 13], whichever is in the best interests of creditors and the estate, for cause, including . . . unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 1307(c). It may do so sua sponte if "necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). Additionally, under the Federal Rules of Bankruptcy Procedure, a bankruptcy court may "impose an appropriate sanction upon" an attorney or unrepresented party who presents to the court a filing that is "being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Bankr.P. 9011(b)-(c). Such a sanction "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated," which may include "an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." *Id.* at 9011(c)(2).

Here, the Bankruptcy Court determined that Appellant's removal of the wrongful detainer action exhibited a "lack of good faith and abuse of process," as it was part of a "scheme to . . . hinder and delay the foreclosure and evictions proceedings." (ECF No. 8-2 at 3-6). The Bankruptcy Court cited as also part of that scheme the following actions by Appellant:

3

1) After the automatic stay was lifted as to the Property based on her bankruptcy filing, Appellant sought to add her son to the title on the Property without seeking court authorization, had him file his own bankruptcy petition to obtain an automatic stay as to the Property, and had him refile another bankruptcy petition after the first was dismissed with prejudice;

2) Appellant had her husband also file two sequential bankruptcy petitions for the same purpose;

3) Appellant filed a "Motion to Confirm Termination or Absence of Stay" that requested that the Bankruptcy Court declare the order terminating the automatic stay to be no longer in force, only four months after the conclusion of her appeal of that order, and rehashed the same arguments that were previously rejected; and

4) After the Bankruptcy Court entered an order confirming the continued validity of the order terminating the stay, Appellant filed a motion to vacate the order terminating the stay, which rehashed the same arguments or arguments that "should have been raised previously."

Based on the foregoing actions by Appellant, this court concludes that the Bankruptcy Court appropriately dismissed the case with prejudice.  There is no reason to doubt the Bankruptcy Court's determination that Appellant has acted with the improper purpose of delaying the foreclosure and eviction proceedings, and Appellant has not even denied as much in her brief.  Instead, she

4

has rehashed many of the same arguments she previously raised, and that other courts have repeatedly rejected. She also argues that the sanctions were improper because they were not requested by the "real party in interest," which she says is the Chapter 13 Trustee. However, the Bankruptcy Court has the authority to dismiss a case sua sponte and issue sanctions "on its own initiative." *See* 11 U.S.C. § 105(a); 11 U.S.C. § 1307(c); Fed.R.Bank.P. 9011(c)(1)(B).

Given the history of filing and refiling bankruptcy petitions among Appellant's family members, the Bankruptcy Court's imposition of a two-year bar on refiling also seems to be appropriate "to deter repetition of such conduct or comparable conduct by others similarly situated." Fed.R.Bank.P. 9011(c)(2).

Finally, the imposition of a $3,000 sanction in the form of attorney's fees to Frost & Associates, LLC was also warranted.[2] Attorney's fees are an appropriate sanction when a court finds that a party has acted in bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). The Bankruptcy Court's findings support its conclusion that Appellant's removal of the wrongful detainer case, in addition to her and her family's other actions, were bad

---

[2] Frost & Associates, LLC represented Daniel Staeven at the Show Cause Hearing. Daniel Staeven was the attorney for the Owners in the state court and was named as a defendant in the adversary proceeding when Appellant removed the wrongful detainer action. The Bankruptcy Court did not award attorney's fees to the Owners "because their attorney's fees were incurred in State Court." (ECF No. 8-2 at 7).

5

faith attempts to delay the eviction proceedings that resulted in added costs to the other parties involved.

For the foregoing reasons, the Bankruptcy Court's dismissal of the case and imposition of sanctions and a two-year bar on refiling will be affirmed.[3]  A separate order will follow.

                                         /s/
                                    ─────────────────────────
                                    DEBORAH K. CHASANOW
                                    United States District Judge

---

[3] Also pending is Appellants' motion for default judgment. (ECF No. 10).  That motion will be denied.